UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DVISION

| | |
|---|---|
| **ROSEANN BUCKERY,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: |
| **LIFE CARE CENTERS OF AMERICA, INC.** | ) ) ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, ROSEANN BUCKERY ("Plaintiff" or "Buckery") files their Complaint against the Defendant, LIFE CARE CENTERS OF AMERICA, INC. ("Defendant" or "Life Care"), and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, injunctive relief, and other equitable relief brought pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. (hereinafter "ADA"), as applicable. Plaintiff alleges that Defendant engaged in unlawful employment practices based on disability, in violation of the aforementioned laws. These actions include, but are not limited to, discrimination, retaliation, wrongful termination, and failure to accommodate.

**JURISDICTION**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and

1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under ADA.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events, or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in Pasco County, FL.

## THE PARTIES

4. Plaintiff, Buckery, is a citizen of the United States was at all times material a resident of this district.

5. Defendant, Life Care, is a For-Profit Corporation that operates in this district.

6. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On November 20, 2025, Plaintiff filed a timely claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b)and (e), based on disability discrimination and retaliation.

9. Plaintiff's EEOC charge was filed within one hundred eighty (180) days after the alleged unlawful employment practices occurred.

10. On December 8, 2025, the EEOC issued a Determination of Charge and Notice of Right to Sue.

11. This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

2

12. On or about July 15, 2025, while assisting a resident, Roseann Buckery sustained an injury to her back and heard a pop in her back and hip area.

13. Ms. Buckery immediately reported the incident to Wendy, the Director of Nursing at Life Care Centers of America.

14. Following her shift, she sought emergency medical treatment, where diagnostic imaging revealed a slipped disc and severe spinal misalignment.

15. As a result, Ms. Buckery requested a reasonable accommodation in the form of time off to rest and recover, which Life Care initially approved.

16. Ms. Buckery returned to work on or around July 22, 2025. Shortly after her return, Laura Gilbreath, the Human Resources representative, directed her to leave work and undergo further evaluation.

17. Ms. Gilbreath instructed Ms. Buckery to obtain a worker's compensation assessment at an urgent care clinic.

18. The attending physician at the urgent care facility placed Ms. Buckery on light duty and instructed her to return for weekly follow-up visits. She was also directed to consult a spine specialist and undergo an MRI.

19. Ms. Buckery submitted medical documentation to Ms. Gilbreath confirming the light-duty restrictions recommended by her physician.

20. Following the submission of her medical documentation, Ms. Buckery experienced a hostile work environment.

21. Ms. Gilbreath summoned Ms. Buckery to her office and raised unfounded concerns regarding Ms. Buckery's living conditions and appearance, particularly relating to symptoms of

menopause.

22. Ms. Gilbreath made derogatory comments, including advising Ms. Buckery to shower more frequently. Ms. Buckery explained that her symptoms, including sweating, were due to hormonal changes.

23. Ms. Gilbreath further stated that Ms. Buckery "can't stay on light duty forever," indicating a discriminatory attitude toward her medical restrictions.

24. On August 15, 2025, Ms. Buckery underwent an MRI, which confirmed lumbar spine abnormalities.

25. During this period, despite her ongoing efforts to provide medical documentation, both Life Care and its worker's compensation administrator delayed the approval process, preventing Ms. Buckery from consulting a bone specialist until September 9, 2025.

26. Ms. Buckery commenced physical therapy during the first week of September 2025.

27. Around this time, Ms. Buckery noticed an increase in oversight and scrutiny from her supervisor, Kim, and Executive Director Lee Edminster—conduct that had not occurred prior to her disability disclosures.

28. On September 23, 2025, Life Care terminated Ms. Buckery's employment.

29. The stated reasons for her termination were pretextual and bore no relation to her performance or attendance.

30. Ms. Buckery was never placed on a performance improvement plan, nor was she provided with any formal warnings or notice that her employment was in jeopardy.

31. The termination closely followed her medical absences and accommodation

requests, demonstrating Life Care's retaliatory motive.

32. The conduct of Life Care Centers of America constitutes discrimination and retaliation in violation of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*.

### Count I: Disability Discrimination under the ADA

33. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

34. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

35. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

36. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

37. Plaintiff was able to perform the essential functions of their job at the time of their termination.

38. Defendant is prohibited under the ADA from discriminating against Plaintiff because of their disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

39. Defendant intentionally discriminated against Plaintiff and subjected Plaintiff to disparate and discriminatory treatment throughout their employment based on their disability, thereby resulting in Plaintiff's unlawful termination.

40. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost

benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

41. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count II: Failure to Accommodate in Violation of the ADA**

42. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

43. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

44. Plaintiff was able to perform the essential functions of their job at the time of their termination.

45. Defendant is prohibited under the ADA from discriminating against Plaintiff because of their disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

46. Defendant is required under the ADA to engage in the interactive process and provide reasonable accommodations for Claimant's disability.

47. Defendant failed to reasonably accommodate Plaintiff or engage in the interactive process.

48. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff

to suffer a loss of pay, benefits, and prestige.

49. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling them to compensatory damages.

50. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling them to punitive damages.

### Count III: Retaliation in Violation of the ADA

51. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

52. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

53. At all times relevant to this action, Plaintiff was a qualified employee within a disability under the ADA.

54. Defendant intentionally retaliated against Plaintiff based on their request for reasonable accommodations and use of protected medical leave pursuant to their disability.

55. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

56. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff their costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
**/s/ Gary Martoccio**
Gary Martoccio, Esq.
Florida Bar No. 099040
**Martoccio Law Group**
2101 W. Platt St. Suite 200
Tampa, Florida 33606
T: (813) 725-3279
gary@martocciofirm.com
*Counsel for Plaintiff*